# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| DON HECHT AS GUARDIAN AND CONSERVATOR FOR HIS DAUGHTER, SUNNI HECHT, <br><br> Plaintiff, <br> vs. <br><br> MOUNTAIN WEST FARM BUREAU MUTUAL INSURANCE COMPANY. <br><br> Defendant. | CV 15-40-GF-BMM <br><br> **MEMORANDUM AND ORDER** |

## INTRODUCTION

Plaintiff Don Hecht, as guardian and conservator for his daughter Sunni Hecht, brought this declaratory action in Montana state court seeking a declaration that the liability limits for two recreational vehicles insured under a policy issued by Defendant Mountain West Farm Bureau Mutual Insurance Company (Mountain West) stack under Montana law. Mountain West removed the case based on this Court's diversity jurisdiction under 28 U.S.C. § 1332. (Doc. 1).

The parties have filed cross-motions for summary judgment. (Docs. 17, 19). The Court conducted a hearing on the motions on October 1, 2016. Defendant's motion is granted and Plaintiff's motion is denied for the reasons that follow.

# BACKGROUND

The material facts in this case are not in dispute. Sunni Hecht was injured while riding as a passenger in a 2013 RZR Polaris ATV recreational vehicle in Idaho on May 30, 2014. Sunni suffered significant and permanent catastrophic injuries. Sunni's damages may exceed $600,000.

Dustin McKay owned the Polaris RZR. Dustin's father, Richard McKay, insured the Polaris RZR as a "recreational vehicle" under a Mountain West farm/ranch liability policy — policy No. CQM10158 (the Policy). (Doc. 18 at 2). The Policy also insured a second recreational vehicle at the time of the accident — a 2009 Polaris Ranger. (Doc. 6-1 at 8).[1]

The Policy's Recreational Motor Vehicle Endorsement extended personal liability coverage under Section II, Coverage F (liability) "for loss arising out of ownership, maintenance, use, loading or unloading of [a covered] 'recreational motor vehicle.'" (Docket 6-1 at 52). Richard Mckay paid a separate annual liability insurance premium of $29.70 for the Polaris RZR and the Polaris Ranger. (Doc. 6-1 at 8).

---

[1] The Declarations for "Section II– Liability Coverages" list three recreational motor vehicles — the 2013 Polaris RZR, a 2009 Polaris Ranger, and a 2005 Arctic Cat 4-Wheeler. (Doc. 6-1 at 8). The Policy did not provide liability coverage for the Arctic Cat 4-wheeler at the time of the accident. Coverage on the Arctic Cat 4-wheeler had been cancelled before the accident. *Id*.

Gabby Moore drove the Polaris RZR at the time of the accident. The parties assume, for purposes of this action, that Moore's negligence in driving the Polaris RZR caused the accident. (Doc. 18 at 2-3). Moore qualified as an "insured" person under the Policy. The Recreational Motor Vehicle Endorsement defines an "insured" person to include any person "legally responsible for a [covered] 'recreational motor vehicle' owned by an 'insured.'" (Doc. 6-1 at 52).

Section II, Coverage F of the Policy, as endorsed, limited liability for bodily injury to $300,000 per "each occurrence." (Docket 6-1 at 8, 50). The parties agree that the tragic accident in this case involved a single occurrence. Mountain West has paid Sunni $300,000 in personal liability coverage. Plaintiff seeks to recover an additional $300,000 in personal liability coverage in this action given that the Recreational Motor Vehicle Endorsement also provided liability coverage for the Polaris Ranger.

**POSITIONS OF THE PARTIES**

Plaintiff argues that the liability limits for the Polaris RZR and the Polaris Ranger should stack for several reasons. Plaintiff argues first that Richard McKay paid a separate liability premium on each of the two covered recreational vehicles. Plaintiff contends that Montana law has allowed stacking of uninsured motorist coverage, underinsured motorist coverage, and medical payment coverage to occur

when the insurer charges separate premiums for each motor vehicle covered under an automobile policy. Plaintiff next argues that the "Limits of Liability" provision in Section II of the Mountain West Policy, which purports to prohibit stacking, should not be enforceable because it fails to comply with Montana's anti-stacking statute, Mont. Code Ann. § 33-23-203.

Mountain West argues against stacking liability coverage on the Polaris Ranger on top of the Polaris RZR liability coverage. Mountain West argues that only an "insured" person possesses standing to stack insurance coverages under Montana law. Mountain West points out that Sunni did not qualify as an "insured" under the Recreational Motor Vehicle Endorsement. (Doc. 20 at 19). Mountain West further argues that stacking of insurance coverages in Montana has been confined to personal and portable coverages in motor vehicle policies. These potential portable coverages encompass uninsured motorist coverage, underinsured motorist coverage, and medical payment coverage. Mountain West claims that liability coverage has not construed as personal to an insured or portable under Montana law.

## APPLICABLE LAW

a. **Summary Judgment Standard**

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any

material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). The material facts remain undisputed. The parties agree that the determination of whether the liability limits for the Polaris RZR and the Polaris Ranger stack presents a question of law for the Court to decide.

    **b.    Application of Montana Law**

Diversity of citizenship provides the Court's jurisdiction. 28 U.S.C. § 1332. Thus, the Court must apply the substantive law of the forum state — Montana. *Medical Laboratory Mgmt. Consultants v. American Broadcasting Companies, Inc.*, 306 F.3d 806, 812 (9th Cir. 2002).

## DISCUSSION

Montana law allows a claimant to stack multiple insurance coverages only if the claimant can show that he or she qualifies an "insured" under all of the coverages to be stacked. *See Lierboe v. State Farm Mutual Automobile Insurance Company*, 73 P.3d 800, 803 (Mont. 2003). The Court in *Lierboe* refused to allow the claimant to stack medical payment coverage provided under two insurance policies because she qualified as an insured under only one of the policies. Similarly, the claimant in *Chilberg v. Rose*, 903 P.2d 1377, 1379-81 (Mont. 1995), qualified as an insured under only one of the three policies at issue. As a result, the Court refused to allow the claimant to stack uninsured motorist coverage provided

under the policies. *See also State Farm Mutual Automobile Insurance Company v. Gibson*, 163 P.3d 387, 389-90, 395 (Mont. 2007) (discussing *Lierboe* and *Chilberg*); and *Farmers Alliance Mutual Insurance Company v. Holeman*, 961 P.2d 114, 122 (Mont. 1998) (discussing *Chilberg*).

The Definitions Section of the Mountain West Policy and the Recreational Motor Vehicle Endorsement, read together, define an "insured" person to include a named insured, a relative or minor child residing in a named insured's household, and any person legally responsible for a covered recreational motor vehicle owned by an insured. (Doc. 6-1 at 14-15, 52). Sunni fails to qualify as a named insured under the Policy. She was not a relative of a named insured. She was not legally responsible for a covered vehicle owned by an insured. Sunni was merely a passenger in the Polaris RZR. As such, she does not qualify as an "insured" under Section II – Liability or the Recreational Motor Vehicle Endorsement. *Id*. Sunni was not an insured under the Mountain West Policy. Stacking does not apply under Montana law.[2]

**ORDER**

1. Defendant's Motion for Summary Judgment (Doc. 19) is GRANTED.

---

[2] The other arguments advanced by the parties need not be addressed in light of the Court's ruling.

2. Plaintiff's Motion for Summary Judgment (Doc. 17) is DENIED.

3. This case is DISMISSED with prejudice.

4. The Clerk is directed to enter judgment accordingly.

DATED this 3rd day of March, 2016.

Brian Morris
United States District Court Judge